**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3695
_____

FRANCISCO ALFARO,
                                Petitioner

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA,
                                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-017-225)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed:  May 6, 2013)
_____

OPINION
_____

PER CURIAM

        Immigration proceedings were initiated against Francisco Alfaro, a native and

citizen of Costa Rica, after he pled guilty to and was convicted of falsely representing

himself to be a United States citizen for the purpose of obtaining a passport in violation

of 18 U.S.C. § 1542.[1] <u>United States v. Alfaro</u>, Crim. No. 11-0835 (D.N.J. Mar. 14, 2012). Alfaro was thereafter served with a Notice to Appear charging him as inadmissible on three grounds: (1) pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled; (2) pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude; and (3) pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii), as an alien who falsely represents himself to be a U.S. citizen for a purpose or benefit under the Immigration and Nationality Act.

Although Alfaro, proceeding pro se, claims that he was lawfully admitted to the United States in 1994, the Department of Homeland Security was unable to verify this claim. The Immigration Judge (IJ) determined that Alfaro did not sufficiently demonstrate that his admission to the United States was lawful, and therefore found him to be inadmissible on the first ground of the notice to appear. Alfaro admitted that he had represented himself to be a citizen of the United States in order to obtain a United States passport and that he had been convicted of violating 18 U.S.C. § 1542, A.R. 201-202, and the IJ therefore found him to be inadmissible on the remaining grounds. The IJ also determined that Alfaro was ineligible for waiver of inadmissibility under 8 U.S.C. § 1182(h), and ordered his removal. The Board of Immigration Appeals (BIA) dismissed his appeal, and he now petitions for review.

---

[1] Alfaro was previously convicted of reckless manslaughter in violation of N.J. Rev. Stat. § 2C:11-4B (1).

We have jurisdiction under 8 U.S.C. § 1252(a)(1).[2] Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). We review factual findings under a substantial evidence standard and, under that standard, we must uphold the agency's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We review the BIA's conclusions of law de novo. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006).

Alfaro argues that he was lawfully admitted to the United States and therefore should not have been charged as inadmissible. Because he did not contest his alienage, he bore the burden to demonstrate, "by clear and convincing evidence, that [he was] lawfully present in the United States pursuant to a prior admission." 8 U.S.C. § 1229a(c)(2)(B). Alfaro has conceded that the evidence he submitted was insufficient to meet that burden. Petitioner's Brief at 14. At most, the documents he proffered indicate that he entered the United States in 1994; they offer no insight as to whether he was admitted or paroled.[3] Accordingly, we are not compelled to disagree with the BIA's

---

[2] After the dismissal of his appeal but prior to filing the instant petition for review, Alfaro filed a motion to reconsider with the BIA. The BIA denied the motion to reconsider on November 9, 2012, and Alfaro did not petition for review of that denial. Our review of the present case is therefore limited to the BIA's September 10, 2012 dismissal of his appeal. Alfaro was removed to Costa Rica on September 25, 2012, but his removal does not affect our jurisdiction. See Nken v. Holder, 556 U.S. 418, 435 (2009).

[3] Alfaro argues that he was prevented from presenting testimony from his grandmother regarding the status of his entry to the United States at a May 22, 2012 hearing. That hearing was continued to allow the government an opportunity to investigate the status of his entry, which was to be resolved at a subsequent hearing on June 5. However, although Alfaro notes that his grandmother was also present at that hearing, he offers no

conclusions that Alfaro did not carry his burden and that the evidence he submitted on appeal did not justify reopening proceedings. 8 C.F.R. § 1003.2(c). We agree with the BIA that Alfaro was ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Although that provision provides that the Attorney General has discretion to waive the application of certain grounds of inadmissibility, it does not apply to two of the grounds for which he was found to be inadmissible: as an alien present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i) and as an alien who falsely represents himself to be a United States citizen under § 1182(a)(6)(C)(ii). We will therefore deny the petition for review.[4]

---

indication why he did not attempt to present her testimony at that time nor does he claim that he was prevented from doing so.

[4] Alfaro's argument that 8 U.S.C. § 1182(a)(6)(C)(ii) is a ground for inadmissibility but not removability is without merit. Because he did not demonstrate that his entry to the United States was lawful, he was appropriately charged as inadmissible rather than removable. See In re Rosas-Ramirez, 22 I. & N. Dec. 616, 620–21 (BIA 1999). Aliens deemed inadmissible under § 1182 are removable. See 8 U.S.C. § 1229a(e)(2) (defining the term "removable"). We have thoroughly reviewed the record in this case and find that Alfaro's claim of bias on the part of the IJ and BIA is also meritless. We need not address Alfaro's remaining arguments regarding whether his conviction under 18 U.S.C. § 1542 is final for immigration purposes or constitutes a crime involving moral turpitude. The BIA's conclusion that Alfaro was inadmissible and removable was correct for the reasons we have described and did not render Alfaro ineligible for any form of relief that might otherwise have been available to him. Accordingly, any errors in other aspects of the BIA's decision would therefore have been harmless. Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011).